IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY MARIE BAYSINGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 20-1055 |
| ANDREW SAUL, *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

ORDER

AND NOW, this 29th day of July, 2021, having considered the parties' summary judgment motions and briefs, the Commissioner of Social Security's ("Commissioner") final decision, and the record, the Court will grant Defendant's Motion in part.[1] The Court is satisfied that the Commissioner's denial of Plaintiff's application for benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is free of legal error and its findings are supported by substantial evidence. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (citing *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir.1995); 42 U.S.C. § 405(g)).[2]

---

[1] Defendant seeks summary judgment in its favor with costs taxed against Plaintiff. (Doc. No. 15, pg. 2). Because Defendant does not argue costs in its brief, the Court will not address the issue. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996). Defendant's summary judgment motion is denied as to costs.

[2] Plaintiff argues the Administrative Law Judge ("ALJ") erred insofar as he found she did not suffer from a presumptively disabling impairment. She also argues the ALJ's determination of her residual functional capacity ("RFC") overstates her abilities and is unsupported by substantial evidence in the record. The Court is unpersuaded that the ALJ erred in finding Plaintiff not disabled and will affirm the decision.

Plaintiff fractured her ankles and sustained other injuries in a 2016 car accident. (R. 17, 20). She argues that the ALJ should have found her disabled because the impairments arising

1

from her ankle injuries and resultant surgeries met or equaled one of the presumptively disabling impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1. The impairments listed therein are "presumed severe enough to preclude any gainful work." *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001) (citing 20 C.F.R. § 404.1520(d)). Plaintiff identifies listing § 1.03 (*Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*) as the listing the ALJ failed to consider. For that listing, claimants must demonstrate that they lost the ability "to ambulate effectively, as defined in 1.00B2b, and [that] return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." The "Inability to Ambulate Effectively" is a defined term—it requires proof of an "extreme limitation of the ability to walk" meaning "the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b.

The ALJ did not consider listing § 1.03 specifically but, considering two other listed musculoskeletal impairments (§§ 1.02 and 1.04) the ALJ found neither Plaintiff's medical records nor medical source statements in the record supported finding that she "would be precluded from ambulating effectively." (R. 18). In arguing the ALJ should have found her impairments met or equaled listing § 1.03, Plaintiff has not identified evidence pertaining to the inability to effectively ambulate that the ALJ overlooked. She argues the ALJ misread certain x-ray results and alleges the consultative examiner ("CE") found she could not "ambulate effectively" because the CE found she could not "walk a block at a reasonable pace on rough or uneven surfaces." (Doc. No. 14, pgs. 14—16 (citing R. 829)). However, Plaintiff points to no evidence that she required an assistive device(s) that limited both of her upper extremities for ambulation, rather, the CE indicated Plaintiff could "ambulate without using a wheelchair, walker, or 2 canes or 2 crutches" just before opining on her ability to walk a block. (R. 829). Because Plaintiff "has not affirmatively pointed to specific evidence that demonstrates [she] should succeed" in showing her impairment(s) meet or equal the criteria for listing § 1.03, any failure to consider that listing specifically does not warrant remand. *Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016).

Plaintiff also argues the ALJ's RFC determination is not supported by substantial evidence and overstates her abilities. A claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). ALJs "assess . . . residual functional capacity based on all of the relevant medical and other evidence" related to the claimant's severe and non-severe medically determinable impairments. *Id.* § 404.1545(a)(2)—(3). This determination occurs at step four of the five-step sequential evaluation used by ALJs to determine disability. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019). It is essential to the rest of the analysis because ALJs use the RFC to determine whether a claimant can return to past work or adjust to other work at steps four and five. 20 C.F.R. § 404.1520(a)(4)(iv)—(v).

ALJs must support their RFC determinations by identifying and explaining the evidence that led them to that finding, as well as the evidence they necessarily rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). However, ALJs are not expected to "make reference to every relevant treatment note." *Fargnoli*, 247 F.3d at 42. Nor are they required to "use particular language or adhere to a particular format in conducting [their] analysis." *Jones v. Barnhart*, 364

F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 120 (3d Cir. 2000)). Reviewing the ALJ's finding as to RFC, this Court must ensure it is adequately explained and supported by substantial evidence but may not reweigh the evidence and come to its own conclusion. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

In addition to broadly arguing the ALJ's RFC determination is insufficiently explained and unsupported by substantial evidence, Plaintiff more specifically alleges the ALJ failed to appropriately credit her symptoms (including pain), failed to consider the combined impact of her impairments, neglected objective medical evidence from Dr. Gruen and Dr. Burns, and summarily discounted the opinion provided by Bernadette Alexander, LPC. These alleged errors are not borne out by the record. The Court will address Plaintiff's specific challenges to the ALJ's decision before explaining why it has found the RFC determination enjoys the support of substantial evidence.

First, the Court finds the ALJ appropriately considered Plaintiff's symptoms, including her pain. When ALJs consider claimants' symptoms, they must ensure those symptoms are grounded in "medically determinable physical or mental impairment(s)." SSR 16-3P, 2017 WL 5180304, *3 (S.S.A. Oct. 25, 2017). Once the "existence" of such an impairment(s) is established, ALJs consider the extent of those symptoms, *i.e.*, how much they affect "the individual's ability to perform work-related activities." *Id.* at *11. In this matter, the ALJ specifically considered Plaintiff's testimony concerning pain, acknowledging that she could not take opioids but maintained a daily Ibuprofen regimen. (R. 20). He acknowledged instances when Plaintiff's medical providers chronicled her pain, *e.g.*, when, in 2018, she complained to her PCP that she was experiencing "feet and ankle pain." (R. 21). However, the ALJ ultimately found the medical evidence was not "entirely consistent with [Plaintiff's] allegations of the severity of her symptoms of ankle pain." (R. 20). He explained that other medical evidence in the record indicated Plaintiff healed well from surgeries that followed her 2016 accident, and that Plaintiff exhibited stable musculoskeletal findings in 2017 and 2018. (R. 21). Nevertheless, the ALJ accommodated Plaintiff's pain by limiting her to sedentary work with additional limitations. (R. 19, 21). The Court detects no oversight in the ALJ's consideration of Plaintiff's pain, and it will not weigh the evidence itself or substitute its own judgment concerning limitations that would appropriately accommodate Plaintiff's pain. *See Chandler*, 667 F.3d at 359 ("Courts are not permitted to re-weigh the evidence[.]").

The Court is likewise unconvinced that the ALJ failed to consider the combined effect of Plaintiff's impairments. Plaintiff argues the ALJ failed to consider the combined effect of her ankle fractures, surgeries, chronic ankle pain, and obesity. She argues the ALJ's analysis was particularly lacking in its consideration of how Plaintiff's obesity interacted with her other impairments. ALJs are required to consider the combined effect of all established impairments—severe and non-severe—when they formulate a claimant's RFC. 20 C.F.R. § 404.1545(a)(2). When a claimant's impairments include obesity, ALJs must consider how obesity combines with other impairments to functionally limit the claimant. *Santini v. Comm'r*

3

*of Soc. Sec.*, 413 F. App'x 517, 519—20 (3d Cir. 2011) (citing SSR 02-1P, 2000 WL 628049, *1 (S.S.A. Sept. 12, 2002)).

The ALJ's decision indicates he accounted for the combined impact of Plaintiff's impairments, including obesity, when he considered her functional limitations and formulated her RFC.  The ALJ explained at step three that while he found Plaintiff's weight was not "itself disabling," it did "significantly limit[] the claimant's ability to do basic work activities."  (R. 18).  The ALJ indicated he would consider that toward Plaintiff's RFC.  (R. 18).  Subsequently, in his consideration of the evidence pertaining to Plaintiff's RFC, the ALJ again acknowledged that Plaintiff's medical records indicated morbid obesity.  (R. 21).  The ALJ also detailed his consideration of Plaintiff's ankle injuries, the surgeries she underwent to address them, and her progress since that time.  (R. 21).  Considering all that evidence, the ALJ found a reduced range of sedentary work would be appropriate.  (R. 19, 21).  Reading these component parts of the decision "as a whole," *Jones*, 364 F.3d at 505, it is clear the ALJ considered the combined effect of Plaintiff's impairments to arrive at the RFC.

Next, the Court finds Plaintiff's argument that the ALJ failed to consider medical records from Dr. Gruen and Dr. Burns is decisively contradicted by the decision.  Dr. Gruen was Plaintiff's orthopedic surgeon after her accident in 2016, and Dr. Burns later operated on Plaintiff's left ankle and toes.  (R. 548, 798).  The ALJ considered Dr. Gruen's 2016 treatment records.  (R. 21).  He also discussed Plaintiff's "left foot tendon release" and treatment with Dr. Burns for "left hammertoes."  (R. 21).  The ALJ did not specifically discuss Dr. Gruen's 2018 report, however, Plaintiff fails to explain how Dr. Gruen's report is contrary to the RFC determination.  Therein Dr. Gruen confirmed that Plaintiff suffered bilateral distal tibia fractures and indicated they had healed with some complications from toe contractions, she had been discharged from care, and her prognosis was fair.  (R. 835).  Dr. Gruen opined that Plaintiff would suffer from "limited ambulatory ability" and could only perform sedentary work on a "regular, sustained, competitive and productive basis."  (R. 836).  ALJs are not required to address every record, *Fargnoli*, 247 F.3d at 42, and as there is no apparent conflict between this record and the RFC determination, Plaintiff has failed to explain how specific reference to Dr. Gruen's 2018 report would have affected the outcome of her case.  Thus, there is no harm in its omission.  *See Woodson*, 661 F. App'x at 766.

Plaintiff also challenges the ALJ's assignment of "limited weight" to opinion evidence provided by Bernadette Alexander, LPC.  Plaintiff alleges the ALJ discounted her opinion solely because Ms. Alexander was not an acceptable medical source.  Plaintiff argues that because Ms. Alexander's opinion was a medical source opinion even if it was not an *acceptable* medical source opinion, it should have been evaluated according to the factors at 20 C.F.R. § 404.1527(c)(1)—(6) (directing consideration of opinions based on, *inter alia*, "[l]ength of the treatment relationship and the frequency of examination," "[n]ature and extent of the treatment relationship," "[s]upportability," "[c]onsistency," and "[s]pecialization").

Contrary to Plaintiff's characterization of the ALJ's consideration of Ms. Alexander's opinion, the ALJ afforded Ms. Alexander's opinion limited weight not only because Ms.

4

Alexander was not an acceptable medical source, but also because her findings were inconsistent with the medical record.  The ALJ explained that while Ms. Alexander opined that Plaintiff was significantly limited by her mental health impairments, Plaintiff's mental health records indicated her mental health limitations were "situational" in "significant ways."  (R. 23).  The ALJ further explained that Ms. Alexander's initial mental status findings were "unremarkable," despite her later opined limitations.  (R. 23).  The ALJ provided several bases for the value he assigned to Ms. Alexander's opinion, and it is not evident to the Court that those reasons are wrong.  Therefore, the Court will not disturb the ALJ's consideration of that evidence.  *Cotter*, 642 F.2d at 706.

Plaintiff fares no better generally challenging the RFC as lacking sufficient analysis or the support of substantial evidence.  The ALJ articulated Plaintiff's RFC and followed it with an explanation of how he considered the evidence in the record to arrive at that determination.  The ALJ considered Plaintiff's testimony that she could not be on her feet long, could only walk on flat surfaces, and used a cane.  (R. 20).  For Plaintiff's mental limitations, he considered Plaintiff's testimony that she suffered from depression, anxiety, and PTSD.  (R. 20).  He also considered the objective medical evidence which indicated Plaintiff had healed well after her 2016 accident and had a normal gait despite lingering foot and ankle pain.  (R. 21).  Objective mental health evidence indicated that while Plaintiff suffered from depression, anxiety, and PTSD, her mental status examinations were unremarkable, she was oriented in all spheres, and she demonstrated a logical, coherent thought process.  (R. 21—22).  Based on the evidence, the ALJ formulated Plaintiff's RFC to include a reduced range of sedentary work that would require only simple, routine tasks and occasional contact with others.  (R. 19).  The ALJ included these limitations despite opinion evidence in the record that would have supported less significant limitations.  (R. 22—23).

Plaintiff contends that analysis is deficient because the ALJ should have more specifically addressed her "ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl and handle,"  and her mental abilities, including "understand[ing,]" the ability to "carry out and remember simple instructions, [and] to respond appropriately to supervision, co-workers, and work pressures."  (Doc. No 14, pgs. 16—17 (citing 20 C.F.R. §§ 404.1545(b)—(c), 416.945(b)—(c)).  However, the ALJ need not "use particular language" as long as his "explanation of findings . . . permit[s] meaningful review."  *Jones*, 364 F.3d at 505.  The explanation provided by the ALJ in this instance is adequately detailed to permit meaningful review, and supplies evidence in support of the decision that would satisfy a reasonable mind.  *Id.* at 503 (citing *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995)).  Further, all of Plaintiff's limitations that were "credibly established" by the evidence were presented to the vocational expert ("VE") to determine whether work remained available to Plaintiff.  *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  For these and the foregoing reasons, the Court will affirm the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED in part and DENIED in part.

/s Alan N. Bloch<br>
United States District Judge

ecf:     Counsel of Record